UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE KAYODE GANSAH, | ) | 1:07-CV-01006 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER WITHDRAWING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | [Doc. #17] |
| | ) | |
| ALBERTO GONZALES, et al., | ) | ORDER DIRECTING RESPONDENT TO |
| | ) | EXPAND THE RECORD |
| Respondents. | ) | |

Petitioner is being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") pending removal from the United States. Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 29, 2007, the undersigned issued a Findings and Recommendation in this matter which recommended the petition be denied. Petitioner timely filed objections on December 14, 2007.

In determining that the petition should be denied, this Court found that Petitioner had acted to prevent his removal by failing to cooperate with the government in its attempts to secure a travel document from the Nigerian Embassy. See 8 U.S.C. § 1231(a)(1)(C). As proof of Petitioner's acts Respondent submitted a copy of the "Decision to Continue Detention" issued by ICE on July 5,

1  2007. See Respondent's Answer, Exhibit A. In that decision, ICE noted that on two prior occasions
2  Petitioner had stated to the Embassy of Nigeria that he was a citizen of Ghana so as to prevent the
3  issuance of a travel document.

4        In his objections, Petitioner flatly opposes Respondent's allegation. Petitioner states he has
5  never failed to comply with the government in its attempts to secure a travel document. He claims he
6  has been interviewed on numerous occasions by the Nigerian Embassy and has cooperated every
7  time; however, the embassy has continuously declined to issue a travel document.

8        Petitioner validly complains that there is no evidence to support the government's contention
9  that he has failed to cooperate in its attempts. Respondent has submitted its "Decision to Continue
10 Detention" of July 5, 2007, which does provide a legitimate reason for its determination, but what is
11 lacking is proof that Petitioner acted in the manner Respondent claims he did. Without more, there is
12 insufficient evidence to rebut Petitioner's showing that "there is no significant likelihood of removal
13 in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

14       Therefore, pursuant to Rule 7 of the Rules Governing Habeas Corpus Cases, Respondent is
15 directed to expand the record by submitting any additional materials such as documents, affidavits,
16 or exhibits which would support his contention that Petitioner has acted to prevent his removal. After
17 submission of this evidence, if any, Petitioner will have the opportunity to admit or deny their
18 correctness.

19       Accordingly, IT IS HEREBY ORDERED:

20       1) The Findings and Recommendation issued November 29, 2007, is WITHDRAWN;

21       2) Respondent is DIRECTED to expand the record within thirty (30) days of the date of
22 service of this order;

23       3) Petitioner may REPLY to Respondent's response to this order within ten (10) days of the
24 date Respondent serves his response.

25

26    IT IS SO ORDERED.

27    Dated: **December 21, 2007**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
28