UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE KAYODE GANSAH, | ) | 1:07-CV-01006 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #26] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| ALBERTO GONZALES, et al., | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondents. | ) | ORDER DISMISSING MOTIONS |
| | ) | [Doc. #31] |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 14, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED without prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On March 12, 2008, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo*

review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.   Petitioner's contention is that ICE is holding him in custody for not assisting in his removal to Nigeria, but Petitioner is only being truthful when he tells the Nigerian officials that his family is from Ghana.  Petitioner claims that under Nigerian law, the fact that he was born in Nigeria does not make him Nigerian because his parents are from Ghana.   The action be for the court is not to determine whether Petitioner is a citizen of Nigeria or Ghana.. Rather, in the pending petition for writ of habeas corpus, Petitioner requests that the court release him from custody pursuant to Zadvydas v. Davis, 121 S.Ct. 2491 (2001).   Petitioner's alleged failure to cooperate with the Nigerian government is not the sole reason for Petitioner's incarceration.   Petitioner is also being detained because he failed to report to ICE once a month and failed to abide by the conditions of parole.  Petitioner has failed to show that these reasons alone are not sufficient to support Petitioner's current confinement.  As explained by the Magistrate Judge, this is not the first time ICE has had Petitioner in custody in an attempt to remove him.   Given Petitioner's failure to report to ICE when released, Petitioner has offered no evidence that ICE's decision to keep him in custody given his repeated failure to report to ICE is unlawful.   The burden is on Petitioner to prove, by a preponderance of the evidence, the facts necessary to support the claim. See, e.g., Parke v. Raley, 506 U.S. 20, 31  (1992); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir.1994).

In finding that Petitioner is not entitled to release pursuant to his writ of habeas corpus, the court is not making a dispositive finding on whether Petitioner is a citizen of Nigeria or Ghana. However, Petitioner has failed to meet his burden of proof that ICE will never be able to deport him because he is not a citizen of Nigeria.  ICE has provided evidence that both Petitioner's father and Petitioner's uncle have passports from Nigeria.  Yet, Petitioner continues to claim his family is from Ghana.  Petitioner has failed to provide the court with sufficient evidence as to how his father could have a passport from Nigeria, but he and his father not be citizens of Nigeria.   It is possible Nigeria issues passports to non-citizens.  It is also possible that under Nigerian law, a father's citizenship is

not enough to confer citizenship on a child. However, the burden of proof is on Petitioner and he has failed to show how, in light of ICE's evidence regarding the passports, he may continue to tell Nigerian officials he is a citizen of Ghana, delaying Petitioner's removal. Thus, while the court is not making a final finding on Petitioner's citizenship, for the purposes of this action, Petitioner has failed to present sufficient evidence for this court to ignore Petitioner's father's Nigerian passport. As such, Petitioner has failed to show that it is unlikely he will be removed in the foreseeable future.

Petitioner has also filed motions for an evidentiary hearing and for appointment of counsel. Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. (Emphasis added.) The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. In this case, Petitioner contends a factual dispute exists with respect to ICE's several attempts at removal.

In Blackledge v. Allison, 431 U.S. 63, 80 (1977), the Supreme Court stated, "This is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing." The Supreme Court specifically noted that "[T]he district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing." Id. at 81. The Court stated that, pursuant to Rule 6, "there may be instances in which discovery would be appropriate (before an evidentiary hearing, and would show such a hearing) to be unnecessary . . . ." Id. at 81, *quoting* Advisory Committee Note to Rule 6, Rules Governing Section 2254 Case. The Court also noted that "[u]nder Rule 7, the judge can direct expansion of the record to include any appropriate materials that 'enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing.'" Id. at 82; see also Williams v. Woodford, 306 F.3d 665, 688-89 (9th Cir.2002). Thus, should the record be expanded, and if Respondent comes forward with proof demonstrating that Petitioner's allegations do not warrant plenary presentation of evidence, then Petitioner is required to either "produce some contrary proof indicating that there is a genuine issue of fact to be resolved by the District Court or to explain his inability to provide such proof." Id. at 80-81, *citing*

1  Fed. Rules Civ. Proc. 56(e), (f). If Petitioner fails to do so, a full evidentiary hearing is not required.
2  <u>Id</u>. at 82. In other words, if the expanded record conclusively demonstrates Petitioner's claim is
3  without merit, a hearing is not required. <u>Baja v. Ducharme</u>, 187 F.3d 1075, 1078 (9th Cir.1999).
4     In this case, the Magistrate Judge expanded the record to include Petitioner's alien file.
5  Review of the alien file reveals that the arguments and evidence presented by Petitioner are
6  insufficient to support his claim that he is entitled to be released from ICE's custody.  As found by
7  the Magistrate Judge, Petitioner has failed to cooperate with ICE by failing to report once a month to
8  ICE and failing to abide by the conditions of release.   ICE has made several attempts at removal, but
9  Petitioner continues to tell the Nigerian Consulate that he and his family are citizens of Ghana.
10 Petitioner has failed to offer any explanation as to how he and his father are not citizens of Nigeria
11 when, in fact, Petitioner's father possess a Nigerian passport.  As found by the Magistrate Judge,
12 there is a significant likelihood of removal to Nigeria in the reasonably foreseeable future.   If
13 Petitioner would explain how his father has a passport from Nigeria but he and his father are not
14 really citizens of Nigeria and begins to cooperate with ICE in its attempts to return him to Nigeria, or
15 even Ghana, all evidence indicates Petitioner would be promptly removed.   At this time, there is no
16 need for an evidentiary hearing or the appointment of counsel.
17     Accordingly, IT IS HEREBY ORDERED that:
18     1. The Findings and Recommendation issued February 14, 2008, is ADOPTED IN FULL;
19     2. The Petition for Writ of Habeas Corpus is DENIED without prejudice;
20     3. The Clerk of Court is DIRECTED to enter judgment; and
21     4. Petitioner's motion for evidentiary hearing and appointment of counsel are DENIED.

23 IT IS SO ORDERED.

24 **Dated:   April 7, 2008**              **/s/ Anthony W. Ishii**
                                          UNITED STATES DISTRICT JUDGE